Frederick B. Melms Esq,
SBN 1093957
fbmelmsesq@gmail.com
6329 Spindrift Foam Ave,
Las Vegas, Nevada 89139
Telephone:   (715) 892-3023

*Attorney for Plaintiff*
GINA KILDAHL

# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SK b/n/f GINA KILDAHL and on behalf of themselves and those similarily situated,<br><br>Plaintiff,<br><br>vs.<br><br>SCHOOL DISTRICT OF FALL CREEK; SCHOOL DISTRICT OF FALL CREEK BOARD OF EDUCATION; BROCK WRIGHT.; ERIC RYAN ; ANNMARIE ANDERSON; JILL GESKE; COURTNEY KNEIFL; JOE SANFELIPPO ; and Does 1-10 on behalf of themselves and those similarly situated,<br><br>Defendants. | Case No. 3:21-cv-00637-slc S.K.<br><br>**FIRST AMENDED COMPLAINT AND REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>1. Due Process, Affirmative Duty to Protect-State Created Danger.  (42 U.S.C. § 1983)<br>2. Public Nuisance. |

## FIRST AMENDED COMPLAINT AND REQUEST FOR DECLARATIVE AND INJUNCTIVE RELIEF

Plaintiff, GINA KILDAHL individually, as the Next Friend of Minor SK, and as class representative for all K-12 public school students, their Next Friends, and Parents and Legal Guardians in the State of Wisconsin brings this Complaint against

-1-

FIRST AMENDED COMPLAINT

Defendants, SCHOOL DISTRICT OF FALL CREEK, SCHOOL DISTRICT OF FALL CREEK BOARD OF EDUCATION, BROCK WRIGHT, ERIC RYAN, ANNMARIE ANDERSON, JILL GESKE, COURTNEY KNEIFL, JOE SANFELIPPO, and Does 1-10 as representatives of a class of Wisconsin Defendant School Districts, School Boards, School Board Members and Superintendents recklessly refusing to implement the reasonable and scientifically supported COVID-19 mitigation strategies recommended by the Wisconsin Department of Public Instruction and the Centers for Disease Control. The failure by this class of Defendants to take adequate Covid-19 related safety measures has needlessly and recklessly placed Wisconsin school children and their communities at risk of serious illness and death. This Plaintiff class vs Defendant class action seeks injunctive and declaratory relief to remedy the failure of Wisconsin School Districts to adequately protect their students and communities.

## INTRODUCTION

1. This Plaintiff class vs Defendant Class action seeks injunctive relief from a class of Defendants for violating various student rights under the United States Constitution, state law, and abatement of a public nuisance under Federal Common law and Wisconsin state law in connection with the refusal of many Wisconsin school boards to implement reasonable Covid-19 mitigation strategies.

## JURISDICTION AND VENUE

2. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367 and statutory and Constitutional provisions.

3. Jurisdiction is also proper under Federal Common Law and 28 U.S.C. § 1367(a).

4. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Eau Claire, Wisconsin, within the Western District of Wisconsin.

## PARTIES

5. At all relevant times, GINA KILDAHL ("PLAINTIFF") is mother and Next Friend of Minor SK, both of whom were and are residents of Eau Claire County, Wisconsin

6. At all relevant times Minor SK was a student in the School District of Waukesha at Fall Creek Elementary School.

7. GINA KILDAHL also brings this suit as class representative for all K-12 students and their Next Friends.

8. At all times herein mentioned, The Defendant, SCHOOL DISTRICT OF FALL CREEK BOARD OF EDUCATION (hereinafter "BOARD") employs and controls the staff, operates, and exercises policy making authority over Defendant SCHOOL DISTRICT OF FALL CREEK (hereinafter FCSD).

9. Defendant, BROCK WRIGHT (hereinafter "WRIGHT") was at all times relevant to this action President of the BOARD and acting under the color of law. He is sued in his official capacity for injunctive relief only.

10. Defendant, JOE SANFELIPPO (hereinafter "SANFELIPPO") was at all times relevant to this action superintendent of FCSD and acting under the color of law. He is sued in his official capacity for injunctive relief only.

11. Defendant, ANNMARIE ANDERSON (hereinafter "ANDERSON") was at all times relevant to this action Clerk of the BOARD and acting under the color of law. He is sued in his official capacity for injunctive relief only.

12. Defendant, JILL GESKE (hereinafter "GESKE") was at all times relevant to this action Treasurer of the BOARD and acting under the color of law. He is sued in his official capacity for injunctive relief only.

13. Defendant, COURTNEY KNEIFL (hereinafter "KNEIFL") was at all times relevant to this action a member of the BOARD and acting under the color of law. He is sued in his official capacity for injunctive relief only.

14. Defendant, ERIC RYAN (hereinafter "RYAN") was at all times relevant to this action Vice President of the BOARD and acting under the color of law. She is sued in his official capacity for injunctive relief only.

15. At all relevant times, DOES 1 through 10 are employees, administrators, or individuals with other policy making authority over the SCHOOL DISTRICT OF FALL CREEK and are sued in their official capacity for injunctive relief only.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

16. PLAINTIFF repeats and realleges each and every allegation in paragraphs 1 through 15 of this Complaint with the same force and effect as if fully set forth herein.

17. COVID-19 also known as COVID and the coronavirus, is a contagious disease caused by severe acute respiratory syndrome coronavirus 2 or (SARS-CoV-2)

18. The SARS-CoV-2 virus has an incubation period between two and fourteen days and is highly contagious and deadly. The virus causes a myriad of symptoms ranging from a fever or chills, a cough, shortness of breath or difficulty breathing, fatigue, muscle or body aches, a headache, a loss of taste or smell, a sore throat, congestion or runny nose, nausea or vomiting, diarrhea, organ failure, and respiratory failure.

19. The SARS-CoV-2 virus was originally discovered in late 2019 and spread globally within mere months.
20. The World Health Organization declared Covid-19 a pandemic on March 11, 2020.
21. In December of 2020 the Delta variant of the SARS-CoV-2 virus emerged in India and was detected in the United States in March of 2021.
22. The Delta variant of the SARS-CoV-2 virus has proved to be more contagious than the original variant and is capable of causing deadly infections in vaccinated individuals.
23. At the time of this filing, there have been over 40 million confirmed Covid-19 cases in the United States causing over 800,000 deaths.
24. At the time of this filing, there have been over 890,000 confirmed Covid-19 cases in Wisconsin causing over 8,900 deaths.
25. Individuals can take steps to limit the spread of Covid-19, these steps include getting vaccinated and wearing facemasks.
26. Currently there are three different vaccines available, only one of which is available to children from 12-17. No vaccine is currently available to children under 12.
27. The Covid-19 pandemic drastically effected K-12 schooling during the Spring of 2020. All Wisconsin schools were shut down by order of Governor Evers and most students were taught virtually.
28. During the 2020-2021 School year, schooling throughout Wisconsin was either conducted virtually, or in person with Covid-19 mitigation strategies in place including universal masking.
29. When the 2021-2022 School year began, many school districts, including the School District of Fall Creek brought students back without adequate Covid-19 mitigation measures in place including mandatory face masking, social

distancing, or contract tracing, creating an incredibly dangerous learning environment.

30. On August 10, 2021, the Wisconsin Department of Public Instruction (hereinafter "DPI") released a publication entitled COVID-19 Infection Control and Mitigation Measures for Wisconsin Schools 2021/2022.

31. In the COVID-19 Infection Control and Mitigation Measures for Wisconsin Schools 2021/2022, the Wisconsin Department of Public Instruction makes several recommendations for steps Wisconsin schools should take to limit the spread of Covid-19.

32. Specifically, the DPI recommends that schools encourage children and staff who have been exposed to COVID-19 to stay home and get tested, encourage good hand hygiene, promote vaccination to eligible students and staff, maintain a policy of physical distancing between students and staff, limit non-essential visitation to the schools, establish contact tracing programs, improve ventilation where possible and disinfect surfaces within the school on a daily basis.

33. Finally, the DPI recommends that all Wisconsin schools institute mandatory masking policies for students and staff.

34. On August 5, 2021, the Centers for Disease Control (hereinafter "CDC") published their most recent Guidance for COVID-19 Prevention in K-12 Schools.

35. The CDC recommends that schools encourage children and staff who have been exposed to COVID-19 to stay home and test, encourage good hand hygiene, promote vaccination to eligible students and staff, maintain a policy of physical distancing between students and staff, limit non-essential visitation to the schools, establish contact tracing programs, improve ventilation where possible and disinfect surfaces within the school on a daily basis.

36. The CDC also recommends that schools implement universal masking policies.
37. The CDC has found that universal masking policies drastically reduce the rate of Covid-19 infections in schools.
38. Wisconsin School districts are all implementing different Covid-19 mitigation policies, many of which recklessly ignore DPI and CDC recommendations.
39. The School Districts refusing to implement Covid-19 mitigation strategies in their schools are functionally hosting daily "super spreader" events.
40. During the Spring of 2020, The School District of Fall Creek held classes remotely, this policy continued sporadically during the 2020-2021 school year.  When School District of Fall Creek brought students back to in person learning the school district had a robust Covid-19 mitigation strategy that included mandatory masking.
41. During the 2020-2021 School year SK attended Fall Creek Elementary School which had several different Covid-19 infection mitigation strategies in place.  Theses strategies included universal masking and social distancing.
42. The Board of Education for the School District of Fall Creek voted to end many of their Covid-19 mitigation policies, including their universal masking requirement for the 2021-2022 school year.
43. Bringing groups of unmasked people together increases the risk of Covid-19 transmission as Covid-19 is spread via airborne transmission.
44. When the 2021-2022 School year began, SK returned to school and wore a mask daily.
45. Many of SK's classmates choose not to wear masks to school.
46. On September 20, 2021, one of SK's classmates tested positive for Covid-19
47. On September 24, 2021, another of SK's classmates tested positive for Covid-19.
48. SK's sick classmate did not wear a mask to school.

49. On September 27, 2021, SK tested positive for Covid-19.
50. After SK tested positive for Covid-19, Plaintiff chose to quarantine SK and he missed two weeks of school.

### FIRST CLAIM FOR RELIEF

### Due Process, Affirmative Duty to Protect-State Created Danger (42 U.S.C. § 1983)

**(SK b/n/f GINA KILDAHL and on behalf of those similarly situated, Against SCHOOL DISTRICT OF FALL CREEK; SCHOOL DISTRICT OF FALL CREEK BOARD OF EDUCATION; BROCK WRIGHT.; ERIC RYAN ; ANNMARIE ANDERSON; JILL GESKE; COURTNEY KNEIFL; JOE SANFELIPPO ; and Does 1-10 on behalf of themselves and those similarly situated,)**

51. PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 50 of this Complaint with the same force and effect as if fully set forth herein.
52. SK and those similarly situated have a cognizable right under the Fourteenth Amendment to the United States Constitution to be safe from state created dangers while in school.
53. At the beginning of the Covid-19 Pandemic the schools within FCSD were closed by Emergency Order of Governor Evers on April 16, 2020, as was every other school in the State of Wisconsin
54. Due to the school closures, FCSD and nearly every other school district in the State of Wisconsin transitioned to virtual learning.
55. FCSD chose to bring their students back to school and reinstituted in person learning during the 2020-2021 School year, placing their students in danger of Covid-19 infection.
56. FCSD removed their COVID-19 mitigation measures further placing their students in danger of a Covid-19 infection.

57. FCSD has also resumed extracurricular activities which currently do not have adequate Covid-19 mitigation measures in place, this further increases the opportunity for a Covid-19 outbreak in the FCSD schools.

58. FCSD and the BOARD are also currently allowing visitors and volunteers to enter the FCSD schools without masks, Covid-19 screenings, or requiring negative test results.  Each visitor and volunteer in the FCSD schools brings with them the possibility of a Covid-19 outbreak.

59. Similarly, employees at the FCSD schools are not universally masking.

60. By bringing students back to class without adequate Covid-19 mitigation strategies around unmasked staff, reinstituting extracurricular activities, and allowing potentially contagious visitors and volunteers into the schools without masks, FCSD and the BOARD threw students into a Covid-19 "snake pit" creating an affirmative duty to keep their students safe from Covid-19.

61. The FCSD and the BOARD'S reckless refusal to implement reasonable Covid-19 mitigation measures was the direct and proximate cause SK's infection and illness.

62.  By throwing SK and the rest of the FCSD students into the Covid-19 "snake pit" FCSD and the BOARD created an affirmative duty under the Fourteenth Amendment to the Constitution of the United States of America to maintain adequate Covid-19 mitigation measures to protect their students.

63. FCSD and the BOARD are aware that by removing their COVID-19 mitigation measures they are needlessly and recklessly endangering the health and safety of their students.

64. FCSD and the BOARD's refusal to implement the reasonable Covid-19 mitigation strategies recommended by the CDC and the DPI is reckless and shocks the conscious.

65. As a result of the unconstitutional conduct of the Defendants, SK was infected with Covid-19 and suffered needlessly.

66. PLAINTIFF brings this claim for Declaratory and Injunctive Relief as Next Friend of SK and Plaintiff class representative.

## SECOND CLAIM FOR RELIEF

### PUBLIC NUISANCE
### (PLAINTIFF and similarly situated individuals against all Defendants and those similarly situated)

67. PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 66 of this Complaint with the same force and effect as if fully set forth herein.

68. The Covid-19 pandemic has been a public health disaster in Wisconsin and the United States a whole.

69. The Covid-19 pandemic has killed over 8,900 Wisconsinites and overwhelmed our healthcare systems.

70. The general public has the right to be free from unnecessary exposure to infectious diseases like Covid-19.

71. The general public and Wisconsin communities have a public health interest in limiting the spread of Covid-19.

72. By holding classes without adequate Covid-19 mitigation measures the BOARD and FCSD are causing Covid-19 to spread within the district's schools.

73. SK and other students within FCSD are being needlessly infected with Covid-19 due to the reckless conduct of FCSD and the BOARD. These infected students then leave school and spread Covid-19 throughout the community.

74. By holding classes without adequate Covid-19 mitigation measures the FCSD and BOARD are knowingly, needlessly, unreasonably, and recklessly exposing the public to Covid-19, interfering with the general public's right to

be free from unnecessary exposure to infectious diseases like Covid 19, and endangering public health.

75. FCSD and the BOARD's reckless and unreasonable conduct caused special injuries to SK. SK became infected with Covid-19 forcing him into quarantine and to miss school.

76. PLAINTIFF brings this claim for Injunctive and Declaratory relief on behalf of SK and on behalf of all similarly situated individuals.

## CLASS ACTION ALLEGATIONS

77. PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 76 of this Complaint with the same force and effect as if fully set forth herein.

78. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 as the named and absent Defendants have acted or refused to act on grounds generally applicable to the class, making final Declaratory and Injunctive relief appropriate.

79. Pursuant to Federal Rules of Civil Procedure 23(a) and (b), Plaintiff brings this action on behalf of SK, and the class, particularly the following Statewide class of similarly situated persons defined as all K-12 students attending public schools in the state of Wisconsin who have become infected with Covid-19 at school and their Next Friends.

80. Pursuant to Federal Rules of Civil Procedure 23(a) and (b), Plaintiff brings this action against a class of Defendants, particularly a Statewide class of similarly situated School Boards, School Board members and school districts defined as all K-12 public schools failing to implement CDC and DPI guidelines and recommendations for Covid-19 mitigation.

81. This action has been brought and may properly be maintained as a class action as it both Plaintiff and Defendant classes satisfy the numerosity, commonality, typicality and adequacy requirements of Rule 23(a)
82. The Plaintiff Class consists of all public-school K-12 students who have been infected with Covid-19 while at school, satisfying the numerosity requirement.
83. The Defendant Class consists of school boards, school board members, superintendents and school districts refusing to implement the Covid-19 mitigation guidance and recommendations for K-12 Schools from the DPI and CDC satisfying the numerosity requirement.
84. The claims of Plaintiff as next friend of SK share common questions of law and fact with the claims of the absent members of the Plaintiff Class satisfying the commonality requirement.
85. The defenses and conduct of the named and absent Defendant Class members share common aspect of law and fact satisfying the commonality requirement.
86. The claims of Plaintiff as next friend of SK have a common origin and share a common basis with the absent class members. Their claims originate from reckless refusal of school boards and school districts to implement reasonable Covid-19 mitigation measures. As such, the Plaintiff class meets the typicality requirement.
87. The conduct of the named and absent Defendants in this action is virtually identical. They have all recklessly refused to implement reasonable Covid-19 mitigation measures. As such, both the named and absent Defendant class members should have defenses with a common origin which will share a common basis meeting the typicality requirement.

88. Plaintiff is willing and prepared to serve the Court and proposed class in a representative capacity with all of the obligations and duties material hereto. She will fairly and adequately protect the interest of the class and has no interests adverse to, or which directly and irrevocably conflict with, the interests of other members of the class. She has also engaged the services of counsel indicated below. Said counsel is experienced in civil rights and class litigation, will adequately prosecute this action, and will assert, protect and otherwise well represent the named class representatives and absent class members.

89. The named Defendants are all from the FCSD and should have the means to defend this action. Given that the action is exclusively for declaratory and injunctive relief there should not be any conflict between the named and absent Defendant Class members. Similarly, this action focuses almost exclusively on questions of law and is not particularly fact specific, as such if the named Defendants' counsel adequately represents the named Defendants in this action, they are also adequately representing the class.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Gina Kildahl, as Next Friend of SK, and as a class representative, requests entry of judgment in her favor and against Defendants SCHOOL DISTRICT OF FALL CREEK, SCHOOL DISTRICT OF FALL CREEK BOARD OF EDUCATION, BROCK WRIGHT, ERIC RYAN, ANNMARIE ANDERSON, JILL GESKE, COURTNEY KNEIFL, JOE SANFELIPPO, and Does 1-10 on behalf of themselves and those similarly situated, as follows:

    A.    For declaratory and injunctive relief.
    B.    Attorney Fees and Costs.

DATED: December 15, 2021       FREDERICK B. MELMS Esq

By:/s/ Frederick Melms
    Frederick Melms
    Attorney for Plaintiff
    Gina Kildahl